UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTEGRITY FINANCIAL CORP., | Case No. C22-00039-RSM |
| Plaintiff, | ORDER TRANSFERRING VENUE |
| v. | |
| CHRISTOPHER RIBOLI, individually, JAMES CONOLE, individually, and ROOT FINANCIAL PARTNERS, a California Corporation, | |
| Defendants. | |

This matter comes before the Court on Defendants' Motion to Dismiss. Dkt. #23. Defendants request, in the alternative, transfer of this case to the Central District of California. *Id*. at 26–27. The Court has determined that oral argument is unnecessary.

This case was filed in this District on January 13, 2022. Dkt. #1. On February 14, Defendant Riboli filed a parallel action against Plaintiff Integrity Financial Corporation ("IFC") in Los Angeles County Superior Court. Dkt. #26-14. The instant Motion was filed in this case on February 24. Dkt. #23.

According to the Complaint, IFC is incorporated under the laws of Washington with offices in Washington, California, Florida, Oregon, and Montana. Dkt. #1 at ¶¶ 22–23. Defendant Riboli is a California resident who lived and worked for IFC in California. *Id.* at ¶ 24. The remainder of the Defendants are residents of California. *Id.* at ¶¶ 25–26. IFC believes this venue is proper "because a substantial part of the events or omissions giving rise to the claims occurred in Washington, and by signing IFC's employee handbook and entering into a

ORDER TRANSFERRING VENUE - 1

confidentiality agreement with IFC, Defendant Riboli expressly consented to the personal jurisdiction of Washington state and federal courts." *Id.* at ¶ 28. At issue in Defendant Riboli's Motion to Dismiss is personal jurisdiction and the unenforceability of IFC's noncompete clause on a California employee under California law. *See* Dkt. #23.

Under 28 U.S.C. § 1404, this Court has discretion to transfer this case in the interests of convenience and justice to another district in which venue would be proper. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Specifically, Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).   The purpose of this statute is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Pedigo Prods., Inc. v. Kimberly-Clark Worldwide, Inc.*, No. 3:12-CV-05502-BHS, 2013 U.S. Dist. LEXIS 12690, 2013 WL 364814, at *2 (W.D. Wash. Jan. 30, 2013) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)).

In the Ninth Circuit, district courts typically apply a nine-factor balancing test to determine whether to transfer a case under § 1404(a), examining: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, [] (8) the ease of access to sources of proof, and (9) the public policy considerations of the forum state." *Jones*, 211 F.3d at 498-99.

ORDER TRANSFERRING VENUE - 2

The Court has reviewed the briefing and related documents for the instant Motion. Apparently, IFC makes the above venue assertion based on an unsigned "Employment, Confidential Information and Invention Assignment Agreement" that includes a Washington choice of law and forum selection clause. *See* Dkt. #22-7 at 94–96. This Agreement exhibit has a blank signature line. Not only has IFC been unable to produce a copy of this agreement with Mr. Riboli's signature, he denies executing it. Riboli Decl., ¶ 27. Even if he had executed it, such might be unenforceable under California law. *See* Dkt. #23 at 11 n.1.

Because Defendant Riboli lived and worked for IFC in California, the relevant agreement was negotiated and executed, if at all, in California. A California district court will be more familiar with the governing law on the above threshold issues. Plaintiff IFC has chosen this district to file its Complaint. However, the Court is convinced that all parties have more contacts with California, and that is where the witnesses and evidence are located. The Court is convinced that the U.S. District Court for the Central District of California is a proper venue. The Court has considered all of the factors above and finds that a transfer is warranted in the interest of justice.

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby FINDS and ORDERS that Defendants' Motion seeking transfer of venue in the alternative, Dkt. #23, is GRANTED. This matter is hereby TRANSFERRED to the United States District Court for the Central District of California for all further proceedings.

DATED this 21st day of March, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER TRANSFERRING VENUE - 3